IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MALCOLM McCLENON, )<br>     ID # 1941538, )<br>          Petitioner, )<br>vs. )<br> )<br>BRYAN COLLIER, Executive Director, )<br>Texas Department of Criminal )<br>Justice, )<br>          Respondent, ) | No. 3:16-CV-2764-L (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

Malcolm McClenon (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for possession of a controlled substance (marijuana) and possession of a firearm by a felon. The respondent is Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ) (Respondent).

**A.   State Court Proceedings**

The State indicted Petitioner for possession of a controlled substance (marijuana) in Cause No. F12-54585 on May 16, 2013, and for possession of a firearm by a felon in Cause No. F12-54586 on September 19, 2013, in Dallas County, Texas. (*See* docs. 10-7 at 8; 10-8 at 8.)[1] He pleaded not

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

guilty and was tried before a jury in the 363rd Judicial District Court of Dallas County, Texas on June 3-6, 2014. (*See* doc. 10-9 at 1.)

On April 17, 2012, Dallas police officers conducted an investigation at a duplex house in response to a complaint about drugs. When an officer knocked on the door, Petitioner opened it "fairly quickly," exited, and closed it behind him while talking on a cell phone. The officers could smell the odor of marijuana coming from inside the house. In response to the officer's questions, Petitioner said that he lived at the location. After Petitioner stepped outside and shut the door, an officer saw through a window that a man ran to the front door and locked it behind Petitioner. The man grabbed a small bag from the floor area, and ran to the rear of the residence. The bag was later recovered during the search, and marijuana was found inside of it.

When asked, Petitioner said that there were other people in the house. Petitioner discovered that the door was locked and knocked on the door. Two men came out onto the porch area. Petitioner said that he was renting the house, he had lived there for the last two or two and a half weeks, and he was working on the house for the manager, who lived next door. The other two men were just visiting him. Petitioner admitted that they had been smoking marijuana but denied that there were any other drugs in the house.

An officer asked Petitioner for consent to search the house. Petitioner replied that he would prefer that they ask the manager for consent to search because he owned the property, and Petitioner was just renting from him. An officer knocked on the door of the other duplex unit, which appeared to be vacant, but no one answered. Petitioner was informed that there was probable cause to believe there were drugs inside the house and that the officers could obtain a search warrant. Petitioner then consented to a search of the house.

The officers found ten bags of marijuana shoved under a staircase that was under construction at the rear of the house, which could be seen by someone walking up the stairs. Officers found a total of 5.85 pounds, or 2653.56 grams, of marijuana during their search of the house. A drug chemist testified that the marijuana was a high-grade variety known as "kush," "hydro," or "popcorn weed," and that it was more expensive, stronger, and more pungent than regular marijuana. Based on the strong smell, he believed that someone living in the home would have been aware of the marijuana. In the living room, officers found a container inscribed with the phrase, "A friend with weed is a friend indeed," and a container with the word "kush" on it. Petitioner testified on cross-examination that he was familiar with the type of marijuana found in the house because he was a "pothead."

The officers found a total of $975, including 35 $20 bills, in the house. The large number of $20 bills was consistent with someone dealing drugs on the level of $20 per gram. Also found was a scale containing marijuana residue as well as a large number of empty bags that could have been used to break the marijuana down into smaller amounts for sale on the street. At $20 a gram, the estimated value of the marijuana found in the house was over $53,000.

There was a "cutout" with a shelf in the wall of the dining room. The shelf was loose. When an officer lifted up the shelf, he found a hidden compartment containing more marijuana and a loaded firearm. One of the men found in the house testified that a week before the arrest, he went to the house and saw a firearm on a counter in the back of the house where the remodeling work was being done. The owner of the house and Petitioner were outside. He went outside and told them that someone needed to put the gun away.

There was mail on the coffee table addressed to Petitioner at a different street address and

3

dated over four months earlier. Officers found a Texas Department of Criminal Justice, Parole Division, "electronic monitoring program/daily curfew schedule" that contained Petitioner's printed name, TDCJ number, and the other street address. The schedule was valid from May 2011 until completed successfully. Officers also found two cell phones containing text messages that seemed indicative of drug transactions. On one phone, there were pictures of money and a gun similar to the one seized. There were no text messages or photos on either phone that could be connected to Petitioner. *See McClenon v. State*, Nos. 05-12-14-00833-CR, 05-14-00834-CR, 2015 WL 4739589 at *2-5 (Tex. App. – Dallas Aug. 11, 2015).

Petitioner testified that he was staying at the house while it was being remodeled, and that he was doing work at the house. (*See* doc. 10-12 at 22.) He had been at the house for two weeks when the police arrived. (*See id*.) He stated that he was not aware that there was any marijuana in the house, other than what he and the other men were smoking when the police arrived, and he was not aware of anything hidden in the wall. (*See id*. at 32.) He was familiar with the odor of marijuana, both fresh and burnt. (*See id*. at 40.) Petitioner had prior convictions for possession with intent to deliver cocaine, arson, and aggravated assault. (*See* doc. 10-12 at 20.)

Petitioner was convicted of possession of a controlled substance and sentenced to 15 years' imprisonment, as well as possession of a firearm by a felon and sentenced to 10 years' imprisonment, with the sentences to run concurrently. (*See* docs. 10-7 at 57; 10-8 at 53.) The judgments were affirmed on appeal. *See McClenon*, 2015 WL 4739589. The Texas Court of Criminal Appeals denied the petitions for discretionary review. *McClenon v. State*, PD-1176-15, PD-1177-15 (Tex. Crim. App. Dec. 16, 2015). Petitioner's state habeas applications were signed on February 22, 2016, and received by the court on March 4, 2016. (*See* docs. 10-32 at 5, 21; 10-40

4

at 5, 21.) They were denied without written order on the findings of the trial court on August 3, 2016. (Docs. 10-25; 10-33); *see Ex parte McClenon*, WR-57,000-03, WR-57,000-04 (Tex. Crim. App. Aug. 3, 2016).

**B.**     **Substantive Claims**

Petitioner's habeas petition, signed on September 20, 2016, raises the following grounds:

(1) There was a *Batson* violation;

(2) Trial counsel was ineffective for failing to:

    (a) obtain a ruling on a discovery motion;

    (b) subpoena a witness;

    (c) obtain a ruling on a pro se motion;

    (d) inform Petitioner that he had been indicted in No. F12-54586 and advised him not to seek continuance;

(3) The evidence was insufficient to support the convictions:

(4) He was denied due process because the state habeas court did not file an order designating issues and did not submit findings until 82 days after the state habeas application was filed.

(*See* docs. 3 at 6-7; 4.) Respondent filed a response on December 1, 2016. (Doc. 11.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. PROCEDURAL BAR

Respondent argues that the *Batson* claim[2] is procedurally barred because the state habeas court found that the issue should have been raised on appeal.[3] (*See* doc. 11 at 11-12.)

When a claim was dismissed by a state court pursuant to an independent and adequate state procedural rule, federal habeas review of that claim is barred unless the petitioner can establish either cause for the default as well as actual prejudice as a result of the alleged violation of federal law, or that the failure to consider the claims would result in a fundamental miscarriage of justice, which requires the petitioner to establish that he is actually innocent of the offense. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Roberts v. Thaler*,

---

[2] In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court held that the Equal Protection Clause forbids a prosecutor from using peremptory challenges to exclude potential jurors because of their race.

[3] Respondent also argues that the claim is procedurally barred because the state habeas court found that the *Batson* objection was not timely. (*See* docs. 11 at 11; 10-32 at 70, 71; 10-40 at 68, 69.) Under Texas' contemporaneous objection rule, a party must make a timely objection with specific grounds for the desired ruling to preserve an issue for appellate review. *Cubas v. Thaler*, 487 F. Appx 128, 130 (5th Cir. 2012) (citing *Livingston v. Johnson*, 107 F.3d 297, 311 (5th Cir.1997)). A *Batson* objection is timely if it made before the jury is selected and sworn. *Yarborough v. State*, 947 S.W.2d 892, 899 (Tex. Crim. App. 1997). After the jury was selected, Petitioner made a pro se *Batson* objection that the trial court ruled was untimely. (*See* doc. 10-10 at 45.) The next day, the trial court conducted a hearing on the *Batson* objection. (*See* doc. 10-11 at 7-16.) The judge overruled the *Batson* objection. (*See id*. at 16.) The jury was then sworn. (*See id*. at 22.) Because the objection was made before the jury was sworn, it is not clear that the objection was untimely. Because the claim is procedurally barred for failure to raise the issue on appeal, it is not necessary to decide whether this claim is also procedurally barred by the contemporaneous objection rule, .

681 F.3d 597, 605 (5th Cir. 2012). A claim is procedurally defaulted if the state habeas court explicitly found that the claim could have been, but was not, raised on direct appeal, unless one of the exceptions set forth in *Coleman* has been met. *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006). The claim is procedurally barred even if the state habeas court reached the merits in the alternative. *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000).

Here, the state habeas court concluded that this ground was procedurally barred because it was not raised on direct appeal. (*See* docs. 10-32 at 70, 71; 10-40 at 68, 69.) Because this ground was denied at the state level on the basis of an independent and adequate state ground, the claim is barred from federal habeas review unless Petitioner can show either cause and prejudice or that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. He does not argue, and the record does not show, that he is actually innocent of the offense or that there was cause to excuse the procedural bar. This claim is procedurally barred from federal review.

### IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may

8

address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not

9

raise a constitutional issue in a federal habeas proceeding").

### A. Discovery Motion

Petitioner asserts that counsel failed to obtain a ruling on a discovery motion. Counsel filed a discovery motion for both cases, (*see* docs. 10-7 at 42; 10-8 at 40), but there was no ruling.

Petitioner raised this claim in his state habeas applications. Counsel submitted an affidavit and stated that "I did not seek a ruling on the Motions for discovery that I had filed in this case, however, in preparing for trial I had already sought and received all the discovery that I was seeking in said motions from the prosecution." (*See* docs. 10-32 at 73; 10-40 at 71.) The state habeas court implicitly believed counsel and found that he "did not obtain a ruling on the discovery motion because he received discovery from the State." (*See* docs. 10-32 at 70; 10-40 at 68.) The court concluded that Petitioner did not show that he received ineffective assistance of counsel. (*See* docs. 10-32 at 70; 10-40 at 69.)

Once counsel received the requested discovery, the discovery motion was moot. Counsel was not ineffective for failing to pursue a futile motion. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

### B. Witness

Petitioner contends that counsel failed to subpoena the other person who was in the house but did not testify.

Claims of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a

witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would have testified, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*.

Counsel stated that he met with Petitioner and discussed the facts and evidence at great length. They "explored and discussed what witnesses there were to this case, and whom we should call to testify on his behalf." (*See* docs. 10-32 at 73; 10-40 at 71.) The state habeas court found that Petitioner and counsel discussed the facts and evidence. Petitioner has not shown what the witness's testimony would have been, that he was available and willing to testify, or how the testimony would have been favorable. He has not shown that the state court's rejection of this claim was unreasonable.

C.   **Pro Se Motion**

Petitioner contends that counsel did not obtain a ruling on a pro se motion to dismiss for pre-indictment delay under Texas Code of Criminal Procedure, art. 32.01.

According to the motion to dismiss for a denial of a speedy trial filed by counsel on June 2, 2014, Petitioner was arrested on April 17, 2012, and released on bond. About one year later, Petitioner prepared a motion for dismissal for want of prosecution. He did not file it with the District Clerk but submitted it to the District Attorney's office. (*See* docs. 10-7 at 20; 10-8 at 20.) The pro se motion was attached to counsel's motion. (*See* docs. 10-7 at 24; 10-8 at 24.) The trial court held a hearing on counsel's motion. (*See* doc. 10-10 at 4.) Petitioner testified that his pro se motion sought a dismissal under art. 32.01. (*See id*. at 17.) Counsel argued that Petitioner's pro se

11

motion requested a speedy trial, and the court agreed that it was an assertion of the right to a speedy trial. (*See id.* at 18.) The court denied the motion to dismiss for a denial of a speedy trial. (*See id.* at 19.) Apparently, it was counsel's motion that was denied. Petitioner contends that he was denied due process because his pro se motion for a dismissal based on art. 32.01 was misconstrued by counsel and the court as a motion for a speedy trial. He claims that counsel should have pursued the pro se motion to dismiss for pre-indictment delay.

In response to the habeas petition, counsel stated that he did not seek a ruling on the pro se motion for dismissal because it was frivolous. (*See* docs. 10-32 at 73; 10-40 at 71.) The state habeas court found that Petitioner was arrested on April 17, 2012, and the indictment was returned on May 16, 2013. (*See* docs. 10-32 at 71; 10-40 at 69.) The court stated that, although the indictment was "outside the 180 day period stated in Article 32.01, the statute is not applicable once an indictment is returned." (*See id.*) The court further found that counsel was not appointed to represent Petitioner until June 13, 2013, which was after the indictment was filed. (*See id.*)

If a defendant is detained or on bail for a criminal accusation, the prosecution of that case shall be dismissed if an indictment has not been presented within 180 days of the arrest or release on bail, which is later. *See* Art. 32.01. If a prosecution is dismissed under Article 32.01, "the defendant may be rearrested for the same criminal conduct alleged in the dismissed prosecution" if an indictment is presented. Tex. Code Crim. Proc. art. 15.14. When an indictment is returned before a hearing on an art. 32.01 motion to dismiss, the motion is moot. *See Ex parte Countryman*, 226 S.W.3d 435, 439 (Tex. Crim. App. 2007) (motion is moot after an indictment is returned, because the defendant can be rearrested under art. 15.14, and there is no reason to dismiss a case and require the State to "waste resources and grand jury time by reindicting" the defendant).

12

When the trial court held the hearing on counsel's motion to dismiss for a denial of a speedy trial, and the pro se motion for a dismissal for pre-indictment delay under art. 15.14 was brought to the court's attention, Petitioner had already been indicted in both cases. The pro se motion to dismiss was moot, and counsel was not ineffective for failing to pursue a ruling on a futile motion at the pretrial hearing. *See Kimler*, 167 F.3d at 893; *Koch*, 907 F.2d at 527.

Petitioner has not shown that the state court's rejection of these claims was unreasonable.

**D.    Informing Petitioner about Indictment; Continuance**

Petitioner contends that counsel failed to inform him that he had been indicted in No. F12-54586, and advised him not to seek continuance. Petitioner asserts that counsel told him that if he sought the statutory 10-day continuance after he was served with that indictment, his sentences could run consecutively.

Counsel stated that he and Petitioner discussed the facts and evidence. (*See* docs. 10-32 at 73; 10-40 at 71.) Counsel did not specifically address whether he informed Petitioner about the indictment or advised him about a continuance. As discussed, the state habeas court concluded that Petitioner did not establish that he received in effective assistance of counsel.

At the pretrial hearing on June 3, 2014, Petitioner stated that he had just found out about the indictment for possession of a firearm by a felon in No. F12-54586. (*See* doc. 10-10 at 19-20.) He was arraigned on April 17, 2012, on the charge of possession of a firearm by a felon and released on bond. (*See id*. at 26.) Petitioner reiterated that he did not receive the indictment until he was at the pretrial hearing. (*See id*. at 27.) Petitioner initially stated that he wanted a 10-day continuance for that case. (*See id*. at 20.) The court informed him that the State could still try him on the marijuana case because he had been previously served with that indictment. (*See id*.) Petitioner decided to waive his preparation time and proceed with both cases. (*See id*. at 28.)

13

Petitioner claims that counsel told him that if he chose the 10 days to prepare, the State could stack the sentences. He asserts that counsel was incorrect because the offenses occurred in the same criminal episode, and the sentences could not have been stacked under Tex. Penal Code § 3.03.

When a person is found guilty of multiple offenses arising out of the same criminal episode, and the cases are tried together, the sentences must run concurrently, with exceptions not applicable to Petitioner's cases. *See* § 3.03(a). If a defendant is tried separately for multiple offenses arising from the same criminal episode, the court may order that the sentences run consecutively. *See Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). Any advice that the State could try the cases separately, resulting in possible stacked sentences, was sound. Petitioner has not shown that counsel was ineffective for advising against accepting the 10-day preparation time to avoid consecutive sentences.

Regarding notice of the indictment for possession of a firearm by a felon, Petitioner has not shown that he was prejudiced by any failure to inform him about the indictment. He was aware of the charges for possession of a firearm by a felon when he was arrested and released on bond on that offense. Even if he was not aware of the indictment until the pretrial hearing, he has not shown that counsel was unprepared to defend that case.

He has not shown that the state court's rejection of these claims was unreasonable.

## V. SUFFICIENCY OF EVIDENCE

Petitioner contends that the evidence was insufficient to support the convictions.

The appellate court held that the evidence was sufficient. That determination was based on the location of the marijuana and firearm, Petitioner's statement to the officers that he lived there and that the other two persons were just visiting, Petitioner's action in quickly closing the front door behind him, the action of another man in taking a bag to the rear of the house, Petitioner's

admissions to the officers and at trial that he used marijuana, and the quality and pungent nature of the marijuana. The appellate court also based its decision on the scales with marijuana residue, the small bags that could be used to make small packages of marijuana, the amount of money found, the value of the marijuana if sold in small packages, the containers in the living room with inscriptions indicating their use to store marijuana, and testimony regarding the firearm on the counter. *McClenon*, 2015 WL 4739589 at *1-4.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

Petitioner has not shown that the state court's rejection of these claims was unreasonable.

## VI. STATE HABEAS PROCEEDING

Petitioner contends that he was denied due process because the state habeas court did not file an order designating issues and did not submit findings until 82 days after the state habeas application was filed.

Federal habeas relief cannot be had "absent the allegation by a [Petitioner] that he or she has

been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ( "infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court"). Because he complains of error in the state proceedings, Petitioner has not shown that he is entitled to relief on this claim.

## VII.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VIII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED** this 27th day of July, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

16

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE